Case 4:20-cv-01326-DPM Document 1 Filed 11/10/20 Page 1 of 8

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 10 2020

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, ~~WESTERN~~ DIVISION
CENTRAL

**BRIDGET ROBERTS**                        **PLAINTIFF**

vs.           **CASE NO:** 4:20-cv-01326-DPM-BD

**PVH CORP**                            **DEFENDANT**

## COMPLAINT

Plaintiff Bridget R. Roberts ("Plaintiff" or "Ms. Roberts"), by and through her attorney, files this Complaint and Jury Demand against Defendant PVH Corp. The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## INTRODUCTION

1. In this civil action, Plaintiff alleges that Defendant engaged in unlawful retaliation in response to Plaintiff's EEO Charge of Discrimination.

2. On February 13, 2019, Plaintiff filed a charge of discrimination against Defendant alleging that Defendant denied her a promotion as a result of her age.

This case assigned to District Judge Marshall
and to Magistrate Judge Deere

1

3. In late February 2019, soon after Plaintiff filed the EEO charge, Plaintiff's supervisor, De'Shon Osbey, began accusing Plaintiff of making mistakes in the workplace.  He had not mentioned any mistakes prior to the EEO charge, nor had Plaintiff been disciplined prior to the EEO charge.

4. Multiple employees made the same mistakes that Plaintiff was accused of making, but were not disciplined for those mistakes.

5. For example, Mr. Osbey accused Plaintiff of missing bank deposit register discrepancies and required closed circuit television audits.

6. In May of 2019, Osbey texted Roberts and asked her to write down that he had performed an audit when he had not.

7. Assistant manager, A'Dante Johnson, and Roberts' supervisor, Abby, also missed required closed circuit television audits and trash inspections and had register discrepancies in May, but were not reprimanded nor demoted.

8. Osbey also accused Roberts of making mistakes that she had not made.

9. Osbey accused Roberts of making a register discrepancy on a register that she did not work.

10. Osbey accused Roberts of making a trash inspection violation in May of 2019, but there was no television audit showing that she committed the violation.

11. Additionally, after Roberts filed her EEO complaint, Osbey scheduled only one sales associate to assist with her shift, but provided other members of management with two or three sales associates.

12. On August 24, 2019 Mr. Osbey gave Plaintiff a corrective action form listing numerous workplace issues and demoted Plaintiff from her Floor Supervisor position.

13. On August 17, 2020, the EEOC mailed Plaintiff a notice of her right to sue.

14. Plaintiff brings this action seeking a declaration that Defendants violated the ADEA.  Plaintiff also seeks damages for the income she would have received had Defendant not abided by its discriminatory behavior in violation of the ADEA.

## **PARTIES**

15. Plaintiff Bridget Roberts is a 42-year-old resident of Little Rock, Arkansas.

16. Defendant PVH Corp, Inc. is a publicly traded company with over 36,000 employees worldwide headquartered in New York City, New

York. PVH Corp is a clothing company which owns Tommy Hilfiger among other clothing brands. Defendant maintains a retail store in Little Rock, Arkansas where the position for which Plaintiff applied was located.

## JURISDICTION AND VENUE

17. Because this case is brought under the ADEA, 29 U.S.C. § 621 et seq., this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(4). Plaintiffs employment Defendant is in the Eastern District of Arkansas.

18. Venue is proper in the Eastern District of Arkansas because this cause of action arose within this District and Division in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District. Venue also is proper in this District because the Defendant is subject to personal jurisdiction therein due to its substantial, continuous, and systematic commercial activities in this District. *See* 28 U.S.C. § 1391(b), (c).

## COUNT ONE

### Retaliation in Violation of the ADEA

4

19. The ADEA makes it unlawful for employers or their agents to discriminate against an employee for her efforts to oppose age discrimination prohibited by the ADEA. 29 U.S.C § 623(d)

20. Defendant's violation of the ADEA was willful and intentional.

21. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiff has sustained economic and non-economic damages, including, but not limited to, mental anguish and emotional distress, loss of employment and future employment opportunities, denial of wages and other benefits, lost interest on those wages and other benefits, and loss of any potential opportunity to advance within Defendant's store.

22. Wherefore, Plaintiff prays for:

   a. Lost wages, employment benefits, and other compensation lost to her as a result of Defendant's discriminating against her on the basis of his age, and prejudgment interest;

   b. Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of Defendant's discriminating against her on the basis of her age;


c. Back pay for the Floor Supervisor position beginning on the date the position in question was filled and extending for a reasonable time into the future;

d. Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

e. Such other relief that this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

*/s/ B. Norman Williamson*

B. Norman Williamson
ABA No. 2010269
9 Rachel Ct.
Little Rock, Ar 72206
Phone: (501) 944-8185
Fax: (501) 232-4237
bnwillia09@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November \_\_11\_\_, 2020, a copy of the foregoing was served on the following by first class mail:

The Prentice-Hall Corporation System, Arkansas.
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

                                                B. Norman Williamson

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Bridget R. Roberts<br>17013 Quail Run Dr.<br>Little Rock, AR 72210 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2019-05919 | Chris E. Stafford,<br>Investigator | (501) 324-5812 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*   08/17/2020

Enclosures(s)        **William A. Cash, Jr.,**        *(Date Mailed)*
                     **Area Office Director**

cc:
Maggie L. Scardapane, Esq.
Legal Counsel, Employment
PVH Corp.
200 Madison Avenue, 19th Floor
New York, NY 10016

B. Norman Williamson
Attorney at Law
300 S Spring St
Suite 900
Rock, AR 72201

Madison, Eva C Little
Littler Mendelson, P.C.
217 E. Dickson Street, Ste 204
Fayetteville AR 72201